UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE PHOENIX CENTER INC.,<br><br>Defendant. | Case No. 23-cv-592<br><br>District Judge Jeffery P. Hopkins<br><br>Magistrate Judge Stephanie K. Bowman |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this action alleging that The Phoenix Center Inc. ("The Phoenix Center" or "Defendant") engaged in unlawful employment practices in violation of Title I of the Americans with Disabilities Act of 1990 (the "ADA").

Specifically, the Commission alleged that The Phoenix Center violated the ADA when it subjected the Charging Parties Amber Wilson ("Wilson") and Stephanie Carter ("Carter") and a class of applicants to pre-offer medical inquiries, and refused to hire Wilson because of her disability or because it regarded Wilson as disabled. The EEOC also alleged that the Phoenix Center violated the ADA when it terminated Carter's employment because of her disability or record of disability. The Phoenix Center denies the EEOC's allegations.

It is the intent of the parties that this Consent Decree shall be a final and binding settlement in full disposition of this action. It is therefore the finding of the Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of the ADA will be promoted and effectuated by entry

of this Consent Decree; and 3) this Decree fully and finally resolves all matters in controversy arising out of the Complaint. Therefore, it is ORDERED, ADJUDGED AND DECREED:

## SCOPE AND DURATION

1. This Decree shall expire by its own terms at the end of five (5) years from the date the Court enters the Decree unless there is an open dispute under paragraph 24, in which case the Court may extend the duration of the Decree until the dispute is resolved.
2. The terms of the Decree shall apply to all locations of The Phoenix Center for the duration of the Decree.

## INJUNCTIVE RELIEF

3. For the duration of this Decree, Defendant and its officers, agents, employees, and successors are enjoined from:
    a. Inquiring whether applicants are taking any controlled substances or medication prior to extending offers of employment; and
    b. Refusing to hire qualified individuals because they are legally prescribed certain medication without making individualized assessments of their ability to perform the duties of the jobs for which they apply.
4. For the duration of this Decree, Defendant and its officers, agents, employees, successors, are further enjoined from terminating the employment of a qualified individual with a disability because the employee is disabled within the meaning of the ADA.
5. For the duration of this Decree, Defendant and its officers, agents, employees, successors, are further enjoined from comingling medical and personnel records.

## TRAINING

6. **Training for Management and Administrators**: Within sixty (60) calendar days of the entry of this Decree, and thereafter on an annual basis for the duration of this Decree, Defendant shall provide training on the ADA for all Executive Board members, the Executive Director, Clinical Directors, Human Resources personnel, supervisors, managers, medical staff, and office administrators at all locations. The presenter of the training must have expertise in the ADA. Further, the training must be interactive and participants will be allowed to ask questions. The training will be in-person, at least one (1) hour in length, and shall cover the following topics:
    a. The scope of persons covered under the ADA;
    b. The employer's duty to provide reasonable accommodations for employees with disabilities, absent undue hardship;
    c. Defendant's policies and procedures regarding the reasonable accommodation process;
    d. The employer's obligation to conduct an individualized assessment to determine the employee's ability to perform the essential functions of the job in question;
    e. The Commission's Enforcement Guidance on Disability-Related Inquires and Medical Examinations Under the ADA;
    f. The ADA's recordkeeping requirements; and
    g. An employer, not an employee, is liable for damages under the ADA.
7. **Training for all Employees**: Within sixty (60) days after the Court's entry of this Decree, and thereafter on an annual basis for the duration of this Decree, Defendant will provide ADA training for all staff either in person, through its learning management system, or by video.

Specifically, the training will cover:

    a. The scope of persons covered under the ADA; and

    b. The ADA's prohibition against disability discrimination and an employer's duty to provide reasonable accommodations, absent undue hardship.

8. Defendant may contact Alessandra Rosa, Outreach & Education Coordinator, at (463) 999-1181 or Alessandra.Rosa@eeoc.gov to inquire about the Commission's fee-based, customer-specific options to provide the trainings described in paragraphs 6 and 7.

9. If the Commission provides the training mandated in paragraphs 6 and 7, then subparagraph 6(c), and paragraphs 10 and 11 will not apply.

10. No later than fourteen (14) days prior to the training set forth in paragraphs 6 and 7, The Phoenix Center shall present the training material to the EEOC for review and approval. Such material shall include any written material Defendant proposes to use in such a training, such as a slideshow, quiz materials, or handout, and an outline of any oral presentation for the training, but need not contain a verbatim script of any oral presentation. The Phoenix Center may presume that the training materials are approved unless informed otherwise by the EEOC within seven (7) days after submission.

11. Within fifteen (15) days after the conclusion of the training set forth in paragraphs 6 and 7, The Phoenix Center will provide the EEOC with written certification that such training was provided, along with a list of attendees and their signatures. The training materials, written certification, and the list of attendees shall be mailed to the Equal Employment Opportunity Commission, Kenneth Bird, Regional Attorney, c/o Gena Miller, Trial Attorney, 477 Michigan Ave., Room 865, Detroit, MI 48226 and e-mailed to monitoring-eeoc-indo@eeoc.gov and gena.miller@eeoc.gov.

4

## MONETARY RELIEF

12. **Settlement Amount**: The Phoenix Center shall pay a total of sixty-five thousand six hundred ten dollars and thirty-five cents ($65,610.35) in monetary relief as set forth in subparts a through c of this paragraph.

    a. Defendant shall pay to Amber Wilson total monetary relief in the amount of twenty-six thousand nine hundred thirty-eight dollars and seventy-one ($26,938.71) divided and paid as follows: one check for sixteen thousand one hundred fifty-nine dollars and seventy-one cents ($16,159.71) in backpay losses; a second check for two hundred seventy-nine dollars ($279.00) for out-of-pocket losses; and a third check for ten thousand five hundred dollars ($10,500.00) in compensatory/punitive damages.

    b. Defendant shall pay Stephanie Carter total monetary relief in the amount of thirty-one thousand one hundred seventy-one dollars and sixty-four cents ($31,171.64), divided and paid as follows: one check for twenty thousand six hundred seventy-one dollars and sixty-four cents ($20,671.64) in backpay losses and another check for ten thousand five hundred dollars ($10,500.00) in compensatory/punitive damages.

    c. The Phoenix Center shall pay seven thousand five hundred dollars ($7,500.00) dollars in compensatory/punitive damages to be divided equally and paid to fifteen (15) former applicants listed in Exhibit B. Each individual listed in Exhibit B shall receive five hundred dollars ($500.00) as compensatory/punitive damages.

13. **Final Distribution of Settlement Amount**: Within seven days of the entry of this Decree, the EEOC shall provide Defendant with current addresses for Amber Wilson and

Stephanie Carter. Within thirty (30) days of the entry of this Decree, Defendant will send payments in the amounts specified to Wilson and Carter at the addresses provided. Payments to the individuals identified in Exhibit B shall be sent within thirty (30) days of entry of this Decree, with reasonable extensions as necessary. Defendant shall make payments to the fifteen (15) individuals identified in Exhibit B via check sent by certified mail to their current or last known addresses, which the EEOC will send to Defendant. All payments treated as back pay shall be subject to applicable taxes and withholding. Defendant shall not deduct from any payments allocated as back pay the employer's share of any costs, taxes, or Social Security required by law to be paid by Defendant. Defendant shall not withhold any amounts from the payments allocated as compensatory damages but shall issue IRS 1099-MISC forms in the ordinary course of business.

14. **Administrative Costs**: Defendant shall pay all administrative costs for the process of distributing the settlement amounts under this Decree, including, but not limited to: postage, supplies, clerical services, accounting services, and tax return preparation incurred by Defendant in performing its duties under this Decree.

15. **Proof of payment**: Within seven (7) days after the payments in paragraph 12 have been sent, Defendant shall mail a copy of each check to the Equal Employment Opportunity Commission, Kenneth Bird, Regional Attorney, care of Gena Miller, Trial Attorney, EEOC, 477 Michigan Ave., Room 865, Detroit, MI 48226. Copies of each check or proof of direct deposit shall also be emailed to monitoring-eeoc-indo@eeoc.gov and gena.miller@eeoc.gov.

16. **Proof of Cashed Checks**: Within one hundred and eighty (180) days after the execution of this Decree, Defendant shall e-mail copies of each cashed check (front and back) that was sent to the fifteen (15) individuals listed in Exhibit B to monitoring-eeoc-indo@eeoc.gov and to

gena.miller@eeoc.gov.

17. **Stop Payment and Reissuance of Uncashed Checks to Charging Parties**: One hundred and eighty (180) days after entry of this Decree, Defendant shall stop payment on any check issued to the fifteen (15) individuals listed in Exhibit B that remains uncashed. Defendant shall then re-issue a check corresponding to half the amount of the uncashed check to each of the Charging Parties, Wilson and Carter. A copy of the front and back of a check issued under this paragraph shall also be e-mailed to monitoring-eeoc-indo@eeoc.gov and gena.miller@eeoc.gov within seven (7) days after the payments have been made.

## IRC DEDUCTION

18. Within ten (10) days of the filing of this Consent Decree, Defendant will provide the Commission with Defendant's EIN.

19. **Form 1098-F**: If the EEOC is required to issue a 1098-F, the individual to whom the EEOC should mail this to is:

    Name: J.P. Montgomery, Financial Controller, TPC Wellness

    Physical Address: 1007 North Second Street, Ironton, Ohio 45638

20. **No Representations Regarding the IRC Deduction**: The EEOC has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the IRC Deduction under the Internal Revenue Code. Accordingly, the provision of the Form 1098-F by the EEOC does not, by itself, mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

21. **Decision on the IRC Deduction**: Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

7

22. **No Reliance on Representations Concerning Deductions**: The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## NOTICE

23. Within thirty (30) days after the entry of this Decree, and for the duration of the Consent Decree, The Phoenix Center shall conspicuously post the Notice attached as Exhibit A on the homepage of its Phoenixnet system, email the Notice to all employees, and post a copy of the Notice in a location in each of its facilities where all other employment-related notices are posted. If the Notice becomes defaced, missing, or illegible, The Phoenix Center will promptly replace it with a clean copy.

24. Upon five (5) days' notice to Defendant, oral or written, the Commission shall have the right to enter upon the premises to ensure that the Notice is conspicuously posted.

## DISPUTE RESOLUTION

25. This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and each party shall give the other at least ten (10) days' notice before moving for such review. The Commission may conduct written discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree.

26. If Defendant fails to comply with any provision of this Decree, it shall have ten (10) days to

cure its non-compliance.

27. In the event Defendant does not comply with any provision of this Decree, and the Commission must petition the Court to order Defendant to comply, and the Court finds Defendant to be noncompliant, the Court may order Defendant to pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

## MONITORING

28. As part of such review, the Commission may also inspect any employment records, including but not limited to any interview notes, applications, and resumes. The Commission may also interview witnesses. Any request to interview witnesses shall be communicated to Defendant's president, in writing, and shall be scheduled in a reasonable time, at least seven (7) days in advance of the proposed interview time, Defendant and or any witnesses may have the assistance of counsel during any such interview.

## MISCELLANEOUS

29. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation, except as noted in paragraph 26 regarding dispute resolution.
30. If any provision of this Decree is found to be unenforceable by the Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.
31. Only the Court may modify this Decree.
32. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors,

representatives, and assigns of The Phoenix Center. If The Phoenix Center is sold in whole or in part, the buyer shall be notified and given a copy of this Decree.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

s/ Kenneth Bird
Kenneth Bird, Regional Attorney
Equal Employment Opportunity
Commission
115 W. Washington St.
South Tower, Suite 600
Indianapolis, IN 46204
(463) 999-1163
kenneth.bird@eeoc.gov

Karla Gilbride, General Counsel

Christopher Lage, Deputy General Counsel

Gwendolyn Young Reams, Associate General Counsel

Gena Miller, Trial Attorney

Attorneys for Plaintiff

s/ Patrick Quinn
Patrick Quinn
Brunner Quinn
(614) 241-5550
pmq@brunnerlaw.com
Attorney for Defendant



**EXHIBIT A - NOTICE**
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
(800) 669-4000; TTY (800) 669-6820
FAX (317) 226-7953 & 5571
www.eeoc.gov

## Posted pursuant to a Consent Decree in *EEOC v. The Phoenix Center Inc.*, Case Number 1:23-cv-592

Under the Americans with Disabilities Act ("ADA"), it is illegal for employers to discriminate against applicants and employees because they are disabled, because they are perceived as disabled by their employers, or because they have a record of disability. The ADA prohibits employers from making medical inquiries before offering someone a job. It is also unlawful for an employer to terminate someone's employment based on a disability. An employer must engage in an interactive process with any disabled employee who requests a reasonable accommodation and provide reasonable accommodations to qualified employees with disabilities to enable them to do their jobs.

The U.S. Equal Employment Opportunity Commission ("EEOC") is the federal agency that investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce those laws. One law that the EEOC enforces is the ADA. Any employee who believes that they may be a victim of illegal employment discrimination may contact the EEOC directly at 1-800-669-4000 or https://publicportal.eeoc.gov/.

The Phoenix Center supports and will comply with the ADA in all respects.

### Questions concerning this notice may be addressed to:

Equal Employment Opportunity Commission
115 West Washington Street South Tower Suite 600
Indianapolis, Indiana 46204
Telephone: (800) 669-4000 - TDD (800) 669-6820

This OFFICIAL NOTICE will remain posted for five (5) years from the date the Decree is entered.

11

## EXHIBIT B - CLASS LIST

1. Chelsea Traylor
2. Jen Thompson
3. Rachel Schmid
4. Amanda Raines
5. Raven Pitts
6. Marcy West
7. Staci Carpenter
8. Lori Catron-Speas
9. Alison Ellis
10. Beulah Felty
11. Tasha Hall
12. Joshua Spradlin
13. Tesse Everhart
14. Milyn Henry
15. James Miller